**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 02-CR-116 |
| | : | |
| Respondent | : | **CAPITAL 2255 PROCEEDINGS** |
| | : | |
| -v- | : | HON. RUDY LOZANO, USDJ |
| | : | |
| ODELL CORLEY, | : | |
| | : | |
| Petitioner. | : | |

_____  :

**PETITIONER'S MOTION FOR APPOINTMENT OF
COUNSEL AT NO COST TO THE COURT**

Petitioner, ODELL CORLEY, through the Federal Community Defender for the Northern District of Indiana and proposed counsel from the Capital Habeas Corpus Unit of the Federal Public Defender in Philadelphia, Pennsylvania, moves for appointment of counsel for purposes of representing him in his to-be-filed section 2255 Motion. In support, he states the following.

1. Petitioner, ODELL CORELY, is a federal prisoner sentenced to death as a result of his convictions in this Court (02-CR-116). The convictions and sentences were affirmed by the United States Court of Appeals for the Seventh Circuit on direct appeal. United States v. Corley, 519 F.3d 716 (7th Cir. 2008). Mr.

1

Corley's petition for certiorari was denied by the Supreme Court on January 21, 2009. Corley v. United States, 2009 WL 129160 (Jan. 21, 2009).

2.    Mr. Corley wishes to commence proceedings under 28 U.S.C. § 2255 challenging his convictions and sentences. He is entitled to the assignment of counsel for this purpose. 18 U.S.C. § 3599(a)(2). This *Motion* seeks the appointment of counsel from the Capital Habeas Corpus Unit (CHU) of the Federal Public Defender Office in Philadelphia, Pennsylvania. As explained below, the CHU has received dedicated funding from the Administrative Office of the United States Courts (AO) to provide assistance in capital § 2255 litigation like this one, around the Nation. Moreover, proposed CHU counsel possess specialized expertise in capital post-conviction litigation which will both assure that Mr. Corley receives the qualified counsel to which he is entitled and insure that the case is handled efficiently and without wasting resources.

3.    The Federal Community Defender for this District, Jerome T. Flynn, Esq. – whose office has a conflict of interest which precludes its substantive involvement in this case – recommends their appointment, and Petitioner wishes to have them appointed. Because the CHU has dedicated funding, their services will be provided at no cost to the Court (e.g. no expert fees, attorney fees or travel expenses).

4.      The CHU was formed in 1995 and is part of the Federal Community Defender for the Eastern District of Pennsylvania (i.e. the Federal Public Defender). It receives a sustaining grant from the AO primarily to provide representation to capital habeas corpus petitioners in Pennsylvania.  Since its formation, it has successfully represented dozens of prisoners in Pennsylvania's federal district courts, the Court of the Appeals for the Third Circuit, and has litigated three substantive cases in the United States Supreme Court.[1]  Counsel from the CHU have been faculty in a large number of regional and national AO-sponsored training programs, and have participated in court committees regarding capital post-conviction litigation.[2]

5.      More recently, the CHU has responded to requests from the AO to represent capital post-conviction petitioners in jurisdictions outside of Pennsylvania in § 2255 litigation where the death penalty has been imposed.  The CHU has been appointed to six such cases outside of the Eastern District of Pennsylvania.[3]

---

[1]Sattazahn v. Pennsylvania, 537 U.S. 101 (2003); Rompilla v. Beard, 125 S.Ct. 2456 (2005), Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005).

[2]They have served as faculty in training programs sponsored by: The Court of Appeals for the Third Circuit; the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project; the Federal Judicial Center; and the National Institute for Trial Advocacy.  CHU lawyers have also served as members of the Third Circuit's Task Force on Death Penalty Litigation.

[3]The CHU is appointed in the following capital section 2255 cases:  United States v. Ortiz, 08-1749 (8th Cir.) (W.D. Mo.); United States v. Bourgeois, No. Cr-C-

6.    To facilitate its representation of capital 2255 petitioners, the CHU has received supplemental funding from the Administrative Office (which was approved by the Defender Services Committee of the Judicial Conference).  Because of this supplemental grant, CHU counsel will not bill the Court for any time or expenses related to their work on this matter.  This *Motion* is made pursuant to the CHU's supplemental grant in order to reduce the costs associated with such litigation, to relieve this Court of the burden of funding this litigation and to provide Mr. Corley with qualified capital post-conviction counsel.

7.    Ruth Friedman, Director of the AO-sponsored Federal 2255 Project, recently wrote a letter of introduction to this Court in which she indicated that her Project is responsible for identifying qualified counsel to request appointment in capital § 2255 litigation.  In this instance she contacted undersigned CHU counsel, Michael Wiseman, who is the Chief of the Capital Habeas Unit, to request that his office seek appointment.  Mr. Wiseman indicated that his office is amenable to seeking appointment, and has received authorization from the AO to do so.  Mr. Wiseman and Ms. Friedman recently communicated with Petitioner Corley who

---

02-216 (S.D. Texas); United States v. Higgs, 98-cr-0520 (D. Md); United States v. Hammer, 96-cr-239 (M.D. Pa), appeal and cross appeal pending,  06-9000 & 06-9001 (3d Cir.); United States v. Agosfsky, 07-cv-511 (E.D. Texas) and United States v. Allen, No. 4:07-CV-27ERW (E.D. Mo.).

indicated that he wished to have the CHU appointed.

8.    Undersigned counsel, Jerome T. Flynn, the Federal Community Defender for the Northern District of Indiana has also communicated with Ms. Friedman's Project.  Based on those communications he recommends to the Court that it assign the CHU to this case.[4]

9.    Should the CHU be appointed, Mr. Wiseman will assign at least two experienced lawyers from the CHU who are qualified to work on this litigation. These lawyers will be required to seek admission *pro hac vice* to this Court.

WHEREFORE, based upon the above and the record of this matter, the Federal Community Defender and undersigned proposed CHU counsel respectfully request that the Court appoint the Capital Habeas Corpus Unit of the Federal Community Defender for the Eastern District of Pennsylvania as counsel at no cost to the Court.

---

[4]18 U.S.C.  § 3005 requires that a district court consider the recommendation of the district's federal public defender when appointing counsel for a capital trial. Although there is no identical provision for section 2255 proceedings, counsel submit that it is appropriate to consider the Federal Public Defender's recommendation.

Respectfully Submitted,

/s/  Jerome T. Flynn

_____

Jerome T. Flynn, Executive Director
Northern District of Indiana
Federal Community Defenders, Inc.
31 East Sibley Street
Hammond IN 46320
(219)937-8020
Jerry_Flynn@fd.org


/s/ Michael Wiseman

_____

Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Michael_Wiseman@fd.org


Dated:      February 5, 2009
            Hammond, Indiana

## CERTIFICATE OF SERVICE

I hereby certify that, on   February 5, 2009  , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Randall M Stewart - AUSA
> Randall.Stewart@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/ECF participants:


  s/ Jerome T. Flynn