**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:02-CR-116 |
| | : | |
| Respondent | : | **CAPITAL 2255 PROCEEDINGS** |
| | : | |
| -v- | : | HON. RUDY LOZANO, USDJ |
| | : | |
| ODELL CORLEY, a/k/a | : | |
| NASIH RA'ID | : | |
| Petitioner. | : | |
| | : | |

_____

**MOVANT RA'ID'S RENEWED MOTION FOR LEAVE**
**TO CONTACT JURORS**

Movant, Nasih Ra'id, through counsel, respectfully requests leave to contact jurors in the above-captioned case.  In support of his request, Movant states as follows:

On June 13, 2012, Movant filed a Notice of Intent to Contact Jurors, pursuant to Local Rule 47-2(b), which this Court construed as a motion to contact jurors.  3/13/13 Order at 1.  The Court denied Movant's request because he "failed to establish that communication with jurors is necessary or proper in this case. . . ."  3/13/13 Order at 2.

1

Local Rule 47-2 governs communication with jurors, but does not set forth any standard or showing that must be met by an party or attorney seeking to communicate off the record with jurors. The Rule says only that the Court may allow such communication where all parties are given notice and if the Court sets conditions on the permitted communication. Local Rule 47-2(b). Accordingly, Movant did not previously make a proffer in support of his request.

The Movant, however, can demonstrate that juror interviews in this case are indeed necessary and proper. This is a capital case, which requires a standard of heightened reliability. *Furman v. Georgia*, 408 U.S. 238 (1972); *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976); *California v. Ramos*, 463 U.S. 992, 998-99 (1983) (higher degree of scrutiny required in capital sentencing hearings); *Zant v. Stephens*, 462 U.S. 862, 885 (1983) (severity of death mandates "careful scrutiny in the review of any colorable claim of error"); *Monge v. California*, 524 U.S. 721, 732 (1998) (noting an "acute need for reliability in capital sentencing proceedings").

Thus, it is proper and necessary to ensure that jurors rendered their decision in this case without external influences or consideration of extraneous extra-record information. The Due Process Clause requires that a jury empaneled to try a cause must be impartial. *See, e.g., Turner v. Louisiana*, 379 U.S. 466 (1965); *Irvin v.*

2

*Dowd*, 366 U.S. 717 (1961).  It necessarily follows that each juror's verdict in a criminal case must be based solely on the evidence before them, and may not be predicated, even in part, upon extraneous matters.  *See, e.g., Leonard v. United States*, 378 U.S. 544 (1964); *Turner*, 379 U.S. at 473 (the evidence used against a defendant "shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel"); *Remmer v. United States*, 347 U.S. 227 (1954).

In most instances, the only way that a defendant is able to uncover evidence of impartiality or extraneous influences is through discussions with jurors themselves.  Accordingly, Movant requests leave to contact the jurors in this case. As the Court directed, Movant suggests the following conditions for such contact:

1. All juror interviews shall take place in the presence of counsel for the Government;

2. All juror interviews shall take place at the U.S. Attorney's Office, or some other location agreeable to the Government; and

3. All juror interviews shall take place at a time convenient for the juror and both parties.

WHEREFORE, Movant Ra'id respectfully requests that the Court grant

leave to contact the jurors, subject to the conditions set forth above.

Respectfully Submitted,


/s/ Jennifer L. Givens
Billy H. Nolas
PA Bar No. 83177
Jennifer Givens
PA Bar No. 95135
Federal Community Defender Office
for the Eastern District of
Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Billy_Nolas@fd.org
Jennifer_Givens@fd.org


Dated: July 12, 2013

## CERTIFICATE OF SERVICE

I, Jennifer L. Givens, hereby certify that on this 12ᵗʰ day of July, 2013, I

electronically filed with the Clerk of Court using the CM/ECF system:

/s/ Jennifer L. Givens
Billy H. Nolas
PA Bar No. 83177
Jennifer Givens
PA Bar No. 95135
Federal Community Defender Office
for the Eastern District of
Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Billy_Nolas@fd.org
Jennifer_Givens@fd.org