UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA    )
                             )
                  v.         )    Cause No.  3:02 CR 116
                             )
ODELL CORLEY                 )

GOVERNMENT'S RESPONSE TO DEFENDANT'S
RENEWED MOTION FOR LEAVE TO CONTACT JURORS

Defendant Odell Corley has asked permission of the Court to contact jurors.  Court rules and common law generally prohibit post-verdict contact with jurors.  The law allows limited exceptions to this rule, but only where the defendant has made a preliminary showing of improprieties on the part of the jurors prejudicial to the defendant.  Corley has made no such showing here and his motion should therefore be denied.

N.D. Ind. L.R. 47-2 prohibits parties, attorneys, and those acting on their behalf from contacting jurors.  N.D. Ind. L.R. 47-2 allows an exception where the Court grants permission to communicate with jurors upon conditions set by the Court.[1]

---

[1] **N.D. Ind. L.R. 47-2 Communication with Jurors**
    **(a) Communication Forbidden.** Ordinarily, no party or attorney (or any of their employees or agents) may communicate off the record with:
            **(1)** a member of the jury pool; or
            **(2)** a juror during trial, during deliberations, or after a verdict.

1

In addition, often discussed in conjunction with rules like N.D. Ind. L.R. 47-2, is FRE 606(b).  FRE 606(b) prohibits the admission of juror testimony to impeach a verdict.  FRE 606(b) allows limited exceptions:  a juror may testify about extraneous and improper information or influence, or about a mistake in entering the verdict upon the verdict form.[2]

The government will discuss long established case law and strong public policy relating to FRE 606(b), and then will turn its discussion to local rules such as N.D. Ind. L.R. 47-2.

Rule 606(b) embodies the common law that preceded it, which shielded jury deliberations from public scrutiny, for substantial policy considerations:

---

**(b) Exceptions.** The court may allow a party or attorney to communicate with jurors if all other parties are given notice and if the court sets conditions on allowed communication.

[2] **Rule 606. Juror's Competency as a Witness**

**(a) At the Trial.** A juror may not testify as a witness before the other jurors at the trial. If a juror is called to testify, the court must give a party an opportunity to object outside the jury's presence.
**(b) During an Inquiry Into the Validity of a Verdict or Indictment.**
   **(1) Prohibited Testimony or Other Evidence.** During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
   **(2) Exceptions.** A juror may testify about whether:
      **(A)** extraneous prejudicial information was improperly brought to the jury's attention;
      **(B)** an outside influence was improperly brought to bear on any juror; or
      **(C)** a mistake was made in entering the verdict on the verdict form.

> [L]et it once be established that verdicts solemnly made and
> publicly returned into court can be attacked and set aside on the
> testimony of those who took part in their publication and all
> verdicts could be, and many would be, followed by an inquiry in
> the hope of discovering something which might invalidate the
> finding. Jurors would be harassed and beset by the defeated
> party in an effort to secure from them evidence of facts which
> might establish misconduct sufficient to set aside a verdict. If
> evidence thus secured could be thus used, the result would be to
> make what was intended to be a private deliberation, the
> constant subject of public investigation-to the destruction of all
> frankness and freedom of discussion and conference. *McDonald
> v. Pless,* 238 U.S. 264 at 267-268 (1915).

Quoted in *Tanner v. United States*, 483 U.S. 107 at 119-120 (1987).

Case law continues to recognize the sound reasons for a strong policy against any post-verdict inquiry into a juror's state of mind in reaching a verdict:

> There are many cogent reasons militating against post-
> verdict inquiry into jurors' motives for decision. The jurors
> themselves ought not be subjected to harassment; the courts
> ought not be burdened with large numbers of applications mostly
> without real merit; the chances and temptations for tampering
> ought not be increased; verdicts ought not be made so uncertain.

*United States v. Crosby*, 294 F.2d 928, 950 (2nd Cir. 1961); quoted in *United States v. Dioguardi*, 492 F.2d 70, 79-80 (2nd Cir. 1974) and in *Miller v. United States*, 403 F.2d 77, 82 (2nd Cir. 1968).

Courts typically require a preliminary showing of prejudice to be made before granting permission to conduct post-verdict interviews of

jurors. *King v. United States, supra*, 576 F.2d at 438 ("[T]o authorize a post-verdict inquiry, there must be 'clear evidence', 'strong evidence', 'clear and incontrovertible evidence', 'substantial if not wholly conclusive evidence' " [of prejudice].); *United States v. Davila, supra*, 704 F.2d at 754 ("Defendants failed to make any preliminary showing of misconduct. The motion sought simply to discover what happened in the jury's deliberations in the hope of uncovering an impropriety."); *United States v. Johnson*, 495 F.3d 951 at 981 (8th Cir. 2007) ("Before a hearing may be granted, however, the moving party should 'show that outside contact with the jury presents a reasonable possibility of prejudice to the verdict.' ")

District courts exercise considerable discretion in determining whether a sufficient preliminary showing has been made to authorize an inquiry of the jurors to be conducted, and the district court's decision will not be tampered with on appeal absent an abuse of discretion. *United States v. Johnson, supra*, 495 F.3d at 981; *United States v. Booker*, 334 F.3d 406 at 416 (5th Cir. 2003).

Corley may say that he is not at this point asking to summon jurors to testify at an evidentiary hearing to which FRE 606(b) would apply; at this point he is only asking for permission to interview the

4

jurors to see if there is a basis for such a hearing.[3]  But that is the very definition of "fishing expedition," which local rules like N.D. Ind. L.R. 47-2 are designed to prevent.  *United States v. Davila*, 704 F.2d 749 (5th Cir. 1983) (Local rules prohibiting post-verdict contact with jurors are designed to prevent "fishing expeditions in search of information with which to impeach jury verdicts.")

The reasons for such local rules, in addition to preventing "fishing expeditions," are closely aligned to FRE 606(b).  Such rules serve policies to avoid harassment of jurors, inhibition jury of jury deliberations, a deluge of meritless post-verdict motions, an increase in opportunities for jury tampering, and to prevent jury verdicts from being made more uncertain.  *King v. United States*, 576 F.2d 432 at 438 (2nd Cir. 1978); see also *Cuevas v. United States*, 317 F.3d 751 at 753 (7th Cir. 2003).[4]

Courts applying such local rules, as with FRE 606(b), require a preliminary showing of some evidence of juror misconduct prejudicial to the defendant before authorizing juror interviews.  *U.S. v. Gravely*, 840

---

[3] For example, Corley asserts in his motion, "In most instances, the only way that a defendant is able to uncover evidence of impartiality or extraneous influences is through discussions with jurors themselves.  Accordingly, Movant requests leave to contact the jurors in this case."  Corley's *Renewed Motion for Leave to Contact Jurors*, [DE 913].

[4] Most of the 94 federal district courts have such rules, including all but one of the districts in the Seventh Circuit.  *Cuevas v. United States*, supra, 317 F.3d at 753.

F.2d 1156, 1159 (4th Cir. 1988) (defendant's request for court's permission to conduct post-verdict interviews properly denied because defendant "made no threshold showing of improper outside influence"); *United States v. Davila, supra*, 704 F.2d at 754 (motion to interview jurors after their verdict, was properly denied where there was no preliminary showing of misconduct, and the motion sought simply to discover what happened in the jury's deliberations in the hope of uncovering an impropriety).

In the instant case, Corley provides the Court with no facts to justify an inquiry of the jurors.  Instead, Corley argues generally that capital cases require a standard of hightened reliability and scrutiny, and that it is important generally that jurors render their decision clear of outside influences or extraneous information.  The government agrees with both of these observations.  Nevertheless, Corley completely fails to make any showing that raises even a suspicion of outside influence or provision of information upon the jury in his case.

With the complete absence of any such showing, the strong policies prohibiting contact with jurors prevail, and Corley's motion should be denied.

Respectfully submitted,

DAVID CAPP,
UNITED STATES ATTORNEY

By:  S/Daniel L. Bella
Daniel L. Bella,
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:


givens.jenny@gmail.com


and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/CM/ECF participants:

None


S/Lorene B. Nelson
Lorene B. Nelson
Legal Assistant

OFFICE OF:

United States Attorney

8