**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

UNITED STATES OF AMERICA,    )
                       )
Plaintiff,             )
                       )
vs.                   )  NO. 3:02-CR-116
                       )
ODELL CORLEY, a/k/a     )
Nasih Khalil Ra'id, a/k/a  )
Nasil K. Raid         )
                       )
Defendant.           )

## ORDER

This matter is before the Court on Movant Ra'id's Renewed Motion for Leave to Contact Jurors, filed on July 12, 2013. For the reasons set forth below, this motion is **DENIED.**

In the instant motion, Defendant, Odell Corley, asks to communicate with jurors "to ensure that jurors rendered their decision in this case without external influences or consideration of extraneous extra-record information." (DE# 913, p. 2).

Northern District of Indiana, Local Rule 47-2 governs communication with jurors, which provides:

(a) **Communication Forbidden.** Ordinarily, no party or attorney (or any of their employees or agents) may communicate off the record with:

    (1)  a member of the jury pool; or

    (2)  a juror during trial, during deliberations, or after a verdict.

(B) **Exceptions.** The court may allow a party or attorney to communicate with jurors if all other parties are given notice and if the court sets conditions on allowed communication.

N.D. IND. L.R. 47-2.

As this Court pointed out in its March 13, 2013, order, Corley must first make some extraordinary showing before he is permitted to contact jurors. Indeed, under the rules, ordinarily no such contact is permitted. N.D. IND. L.R. 47-2(a). Without belaboring the point, the Government thoroughly cemented this notion by citing to a litany of cases establishing that there is a strong policy against any post-verdict inquiry into a juror's state of mind and typically a defendant must make a preliminary showing of prejudice before Courts give permission to conduct such post-verdict interviews. *McDonald v. Pless*, 238 U.S. 264 at 267-68 (1915); *United States v. Crosbey*, 294 F.2d 928, 950 (2d Cir. 1961); *King v. United States*, 576 F.2d 432, 438 (2d Cir. 1978); *Cuevas v. United States*, 317 F.3d 751, 753 (7th Cir. 2003); *United States v. Gravely,* 840 F.2d 1156, 1159 (4th Cir. 1988). Corley has not refuted this point.

Here, Corley has not made any preliminary showing of prejudice. Instead, he asks to interview jurors only to see if there was any prejudice. This is exactly the type of conduct Local Rule 47-2 was designed to prohibit. *United States v. Davila*, 704 F.2d 749, 754 (5th Cir. 1983).

Because Corley has failed to establish that communication with jurors is necessary or proper in this case, his motion is **DENIED**.


DATED:  November 25, 2013           /s/RUDY LOZANO, Judge
                                    **United States District Court**