**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

_____

UNITED STATES OF AMERICA,     :        No. 3:02-CR-116

:

Respondent     :   **CAPITAL 2255 PROCEEDINGS**

:

-v-     :   HON. RUDY LOZANO, USDJ

:

ODELL CORLEY, a/k/a     :

NASIH RA'ID     :

Petitioner.     :

_____  :

## <u>MOVANT RA'ID'S MOTION FOR ORDER PERMITTING MENTAL HEALTH EVALUATION</u>

Movant, Nasih Ra'id, through counsel, respectfully requests issuance of an

Order directing the United States Penitentiary at Terre Haute, Indiana, to permit

Dr. Mark Cunningham access to Mr. Ra'id for purposes of a mental health

evaluation.   In support of his request, Movant states as follows:

Dr. Cunningham is a clinical and forensic psychologist who was retained by

Mr. Ra'id's trial counsel to conduct a risk-assessment for future dangerousness;

Dr. Cunningham testified during the penalty phase of Mr. Ra'id's capital trial.  Dr.

Cunningham recently executed an affidavit on June 10, 2014, which was included

in the § 2255 Appendix that was filed with this Court on June 13, 2014.  Also

included in this Appendix are the Affidavits/Declarations of both trial attorneys, Jeffrey Schlesinger and John Theis.  These three affidavits make clear that although Dr. Cunningham was willing and qualified to gather, evaluate and present Mr. Ra'id's social history and the mental health implications thereof, trial counsel failed to ask Dr. Cunningham to do so.  Counsel similarly failed to provide Dr. Cunningham with relevant background materials necessary to conduct such an evaluation.   Counsel's failures in this regard are the subject of claims for relief set forth in Mr. Ra'id's § 2255 Motion.

The representations in Dr. Cunningham's June 10, 2014, affidavit are based on his review of materials provided to him by current post-conviction counsel.  In order to provide the Court with the most complete assessment, however, Dr. Cunningham seeks to conduct an in-person clinical evaluation with Mr. Ra'id. While under normal circumstances, such an evaluation would not require the Court's assistance or intervention, the USP at Terre Haute now requires court orders in order to schedule visits by mental health experts.[1]

WHEREFORE, Movant Mr. Ra'id respectfully requests that this Court issue an Order directing USP at Terre Haute, Indiana, to allow Dr. Cunningham access

---

[1]In the past such orders were not required.  Undersigned counsel previously arranged for several expert evaluations of Mr. Ra'id without presentation of a court order.

2

to Mr. Ra'id for purposes of a mental health evaluation at a time convenient to the

institution and Dr. Cunningham.

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Jennifer Givens
Billy H. Nolas
PA Bar No. 83177
Jennifer Givens
PA Bar No. 95135
Federal Community Defender Office
for the Eastern District of
Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Billy_Nolas@fd.org
Jennifer_Givens@fd.org

</div>

Dated: July 17, 2014

## CERTIFICATE OF SERVICE

I, Jennifer L. Givens, hereby certify that on this 17th day of July, 2014, I

electronically filed with the Clerk of Court using the CM/ECF system:

/s/ Jennifer L. Givens
Billy H. Nolas
PA Bar No. 83177
Jennifer Givens
PA Bar No. 95135
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Billy_Nolas@fd.org
Jennifer_Givens@fd.org