**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | No. 3:02-CR-116 |
| Movant, | : | |
| v. | : | **CAPITAL 2255** |
| | : | **PROCEEDINGS** |
| ODELL CORLEY, a/k/a | : | |
| NASIH RA'ID, | : | HON. RUDY LOZANO, USDJ |
| | : | |
| Movant. | | |

**AMENDMENT TO MOTION TO VACATE, SET ASIDE, OR CORRECT
THE JUDGMENT AND SENTENCE UNDER 28 U.S.C. § 2255 IN LIGHT
OF *JOHNSON V. UNITED STATES*, 135 S. Ct. 22551 (2015)**

Movant, Nasih Ra'id, through counsel, hereby submits his Amendment to

Motion to Vacate, Set Aside, or Correct the Judgment and Sentence Under 28

U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015),[1] and in

support thereof, states the following:

**GROUND TEN: IN LIGHT OF *JOHNSON*, MR. RA'ID'S § 924(C)
CONVICTIONS CANNOT BE SUSTAINED BECAUSE BANK ROBBERY
UNDER § 2113 DOES NOT QUALIFY AS A "CRIME OF VIOLENCE."**

**(a) Supporting Facts:**

Mr. Ra'id was charged and convicted of assaulting and putting in jeopardy

the life of another person during the commission of a bank robbery in violation of

---

[1] Mr. Ra'id will set forth the legal basis for this claim, and all other claims, in his Memorandum of Law, which is to be filed on or before July 6, 2016.

1

18 U.S.C. § 2113(d) (Count 2), possessing of firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count 4), possessing a firearm during a "crime of violence" that resulted in a murder, in violation of 18 U.S.C. § 924(j) & (c)(3) (Counts 5 and 10). Mr. Ra'id was sentenced to death on Counts 5 and 10.

To qualify as a crime of violence, the underlying § 2113 bank robbery must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." Mr. Ra'id's capital convictions cannot be upheld under the force clause because § 2113 bank robbery lacks the scienter and violent force elements that § 924(c)(3)(A) requires. Mr. Ra'id's capital convictions likewise cannot be upheld under § 924(c)(3)(B) because that section's definition of a "crime of violence" requires the "ordinary case" approach that the Supreme Court deemed unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For these reasons, Mr. Ra'id's § 924(c) convictions are invalid.

## A. Section 924(c)'s Residual Clause is Unconstitutionally Void for Vagueness

Section 924(c) defines "crime of violence" in two ways:

(3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

(A) has an element the use, attempted use, or threatened use of physical violence against the person property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The first clause, § 924(c)(3)(A), is known as the force or elements clause. The second, § 924(c)(3)(B), is the residual clause.

The Armed Career Criminal Act ("ACCA") includes a residual clause that is materially indistinguishable from that in § 924(c)'s residual clause. The ACCA provides for an enhanced penalty for those convicted of possessing a firearm after sustaining three or more convictions for a "serious drug offense" or a "violent felony" and states:

> Any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i)      Has as an element the use, attempted use, or threatened use against the person of another, or
>
> (ii)      Is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).

In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates due process because the process by which courts categorize convictions as violent is unacceptably "wide ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2555.

ACCA's residual clause requires courts to first determine the kind of conduct that the crime involves in the "ordinary case" as opposed to facts of the

defendant's case, and then determine whether that "ordinary case" presents ta

serious risk of physical injury. *Id.* at 2557. The Supreme Court held that the

uncertainty about what constitutes the "ordinary case" of a crime renders the

residual clause unconstitutionally vague. *Id.* ("the indeterminacy of the wide-

ranging inquiry required by the residual clause both denies fair notice and invites

arbitrary enforcement by judges").

Section 924(c)'s residual clause suffers from the same flaws that rendered

the ACCA's residual clause unconstitutionally vague under the required

categorical approach. Indeed, at least three federal courts of appeals, including the

Seventh Circuit, have applied *Johnson* to invalidate the residual clause of 18

U.S.C. § 16(b), a clause that is identical to that of § 924(c).[2] And relying on those

circuits' reasoning, several district courts have held § 924(c)'s residual clause to be

void for vagueness as well.

The same result applies in Mr. Ra'id's case. Because § 924(c)'s residual

clause is void for vagueness, it cannot constitutionally define a "crime of violence"

for purposes of a§ 924(c) conviction. Further, federal bank robbery under § 2113

---

[2] Like § 924(c)(3), 18 U.S.C. § 16 defines a "crime of violence" as:

    (a)    an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (b)    any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

does not categorically qualify as a "crime of violence" under the remaining force clause.

> **B.      Federal Bank Robbery Fails to Categorically Qualify as a "Crime of Violence" under the Force Clause of Section 924(c)**

To determine whether a predicate offense qualifies as a "crime of violence" under §924(c), courts must use the categorical approach. This approach requires courts to look only at the statutory definitions, i.e., the elements, of the offense and not to the underlying facts to determine whether the offense qualifies as a crime of violence.

Applying the categorical approach, federal bank robbery under § 2113 fails to qualify as a "crime of violence" under § 924(c)'s force clause because the offense does not require an element of physical force – that is, force capable of causing physical pain or injury to another person.

First, federal bank robbery in which a killing occurs, as defined by § 2113(a) & (e), can be accomplished by intimidation, and the killing can be accidental or by happenstance. Thus, the crime does not require the use, attempted use, or threatened use of "violent force." Additionally, because both the intimidation and the killing can be accomplished without an intentional threat or use of physical force, it fails to satisfy the mens rea required under § 924(c)'s force clause.

Second, armed bank robbery, as defined by § 2113(d), can be accomplished by merely openly carrying a dangerous weapon, and likewise fails to qualify as a

"crime of violence" under § 924(c)'s force clause. The government must establish that during the commission of the bank robbery, the defendant either assaulted another person by use of a dangerous weapon, *or* the defendant put another person's life in jeopardy by the use of a dangerous weapon. The government need not prove both. However, neither of these converts a bank robbery into a "crime of violence" because (1) assaulting another person by the use of a dangerous weapon does not require the threat or use of violent physical force, and (2) putting another person's life in jeopardy by the use of a dangerous weapon does not require the intentional threat of violent physical force.

For these reasons, Mr. Ra'id's § 924(c) convictions violate due process; violate the laws of the United States and result in a fundamental miscarriage of justice; and were entered in excess of this Court's jurisdiction.

Mr. Ra'id's convictions and sentences under § 924(c) should be vacated. Additionally, his convictions and sentences on the remaining counts cannot stand. When weighing the evidence against him, Mr. Ra'id's jury did not consider each count in isolation. The jury's guilt and penalty phase determinations as to the other courts were improperly tainted by its consideration of the unconstitutional charges under §924(c) and (j).

WHEREFORE, based upon the foregoing and all other proceedings and submissions, Mr. Ra'id respectfully requests that the Court vacate his convictions and death sentences.

Respectfully submitted,


/s/ JENNIFER CHICCARINO
Jennifer Chiccarino
PA Bar No. 88509
Leor Veleanu
PA Bar No. 95129
Federal Community Defender Office for
the Eastern District of Pennsylvania
601 Walnut Street, Suite 545W
Philadelphia, PA 19106
(215) 928-0520
jennifer_chiccarino@fd.org


Dated:      June 23, 2016

## CERTIFICATE OF SERVICE

I, JENNIFER CHICCARINO, hereby certify that on this 23rd day of June, 2016, I electronically filed the instant pleading with the Clerk of Court using the CM/ECF system.

Respectfully submitted,

/s/ JENNIFER CHICCARINO
　　Jennifer Chiccarino
　　PA Bar No. 88509
　　Leor Veleanu
　　PA Bar No. 95129
　　Federal Community Defender Office for
　　the Eastern District of Pennsylvania
　　601 Walnut Street, Suite 545W
　　Philadelphia, PA 19106
　　(215) 928-0520
　　jennifer_chiccarino@fd.org