UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION


UNITED STATES OF AMERICA  )
                          )
              v.          )    Cause No.  3:02 CR 116
                          )
ODELL CORLEY              )


**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO STAY THE FILING OF HIS MEMORANDUM OF LAW**


Comes now the United States of America by David Capp, United States

Attorney for the Northern District of Indiana, and says as follows:

For the reasons set forth in the attached memorandum, the

government:

(1)    Objects to defendant Odell Corley's request for a stay of the filing

of memorandum of law; and

(2)    Requests the Court to set this matter for telephonic status

conference to determine when Corley will file his memorandum of law.

                          Respectfully submitted,

                          DAVID CAPP,
                          UNITED STATES ATTORNEY

                    By:   S/Daniel L. Bella
                          Daniel L. Bella,
                          Assistant U.S. Attorney

1

<u>Memorandum</u>

On January 19, 2010, defendant Odell Corley filed his motion pursuant to 28 U.S.C. §2255 (2255 motion) (DE 883).  On June 13, 2014, Corley filed his appendix to his 2255 motion (DE 924).  On February 2, 2015, Corley filed a supplement to his appendix to his 2255 motion (DE 930).  On June 23, 2016, Corley filed his amendment to his 2255 motion (DE 956), adding to his motion a claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

On May 5, 2015, Corley filed the first of several motions for extensions of time to file a memorandum of law in support of his 2255 motion based upon a pending civil FOIA action pending in the Eastern District of Pennsylvania, asking the Court to grant an extension pending resolution of that litigation (DE 933).  Pursuant to the most recent order on these motions, Corley's memorandum of law is currently due on or before November 7, 2016 (DE 967).

On September 20, 2016, the district court in the civil FOIA litigation granted summary judgment in favor of the Federal Bureau of Investigation. The Court's memorandum and order were docketed in said case on September 21, 2016.  Copies of the memorandum and order are attached hereto.

On October 25, 2016, Corley filed a motion to stay the filing of his memorandum of law. In this motion, Corley no longer identifies the pending FOIA action as a reason for further delay. As noted above, that litigation is now finished. Rather, Corley asks the Court to stay the filing of his memorandum of law until sixty days after the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498. Corley asserts the Supreme Court's decision in *Dimaya* will affect this Court's ruling on Corley's *Johnson* claim.

There is no reason to wait for the outcome of *Dimaya*, because Corley's *Johnson* claim is without merit. Corley was convicted of assaulting and putting in jeopardy the life of another person by the use of a dangerous weapon during a bank robbery, in violation of 18 U.S.C. § 2113(d) (Count 2); causing death as a result of bank robbery, in violation of 18 U.S.C. § 2113(e) (Counts 3 and 9); possession of a firearm during a crime of violence, that is bank robbery, in violation of 18 U.S.C. § 924(c) (Count 4); and committing murder through use of a firearm during a crime of violence, that is bank robbery, in violation of 18 U.S.C. § 924(c) and (j)(1) (Counts 5 and 10); among other offenses. He seeks to stay the filing of his memorandum of law on his § 2255 motion with the ultimate goal of trying to vacate his conviction and sentence based on *Johnson*, arguing that bank robbery is no longer a crime of violence. Corley argues that this Court should stay the filing of his memorandum of law until the Supreme Court determines in *Dimaya* whether

3

*Johnson* applies to 18 U.S.C. § 16(b) and the Seventh Circuit decides in *United States v. Jackson* whether *Johnson* applies to § 924(c). However, such a wait would be unnecessary because bank robbery remains a crime of violence under 18 U.S.C. § 924(c)'s elements clause and so *Johnson* has no effect on Corley's sentence regardless of the outcome of those decisions. Moreover, bank robbery as charged in the indictment contains additional elements of assaulting and putting in jeopardy the life of another, (Count 2), causing death (Count 3), and committing murder through the use of a firearm (Count 5), which makes the crimes as charged unquestionably crimes of violence. The Court should deny Corley's motion to stay the filing of his memorandum of law (and ultimately should deny his 2255 motion as to his *Johnson* claim).

The Armed Career Criminal Act, which was at issue in *Johnson*, requires a mandatory minimum 15-year sentence for any defendant with three or more prior convictions that are either a "serious drug offense," or a "violent felony." 18 U.S.C. § 924(e). Defendant does not allege that his sentence was improperly enhanced under ACCA, or that his guideline range was impacted by the "crime of violence" definition in U.S.S.G. § 4B1.2. His only claim is based on his § 924(c) conviction. The ACCA definition of "violent felony" and § 924(c)(3)'s definition of "crime of violence" use similar—but distinct—language:

| 18 U.S.C. § 924(e)(2)(B) defines "violent felony" as a felony that: | 18 U.S.C. § 924(c)(3) defines "crime of violence" as a felony that: |
|---|---|
| (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or | A. has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or |
| (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" | B. that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. |

The italicized portion of ACCA, commonly known as the "residual clause," was held unconstitutional in *Johnson*. *See* 135 S. Ct. at 2557-2563. Importantly, *Johnson* did not strike any other provision of ACCA, including subsection (i), which is commonly called the elements clause. *Johnson*, 135 S. Ct. at 2563. If a defendant's case "does not involve the residual clause … *Johnson* does not affect him." *United States v. Yang*, 799 F.3d 750, 752 n.1 (7th Cir. 2015); *see also Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016) ("*Johnson* … does not have anything to do with the proper classification of drug offenses or … the elements clause."). A conviction that "falls under the still-valid elements clause" remains a qualifying violent felony. *United States v. Duncan*, 833 F.3d 751, 752, 755 (7th Cir. 2016).

Section 2255 provides relief if the defendant can show his sentence "was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Corley

argues that bank robbery is no longer a crime of violence for the purposes of § 924(c) and therefore his conviction on that count must be vacated. However, Corley's argument fails since the Seventh Circuit has held in binding precedent that bank robbery is a crime of violence under § 924(c)(3)(A), the statute's elements clause.

As relevant here, a defendant commits bank robbery when he "by force and violence, or by intimidation, takes … from the person or presence of another … any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank …." 18 U.S.C. § 2113(a).

The Seventh Circuit has held that federal bank robbery is a crime of violence under the elements clause. *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) (interpreting Guidelines). The Seventh Circuit stated that "[i]ntimidation means the threat of force," and whether a defendant's conduct constitutes a threat "depends on whether [his] conduct and words were calculated to create the impression that any resistance or defiance by the teller would be met with force." *Id.* Thus, "[a] defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery." *Id. Jones* applies to unarmed bank robbery. Thus, even without considering the aggravating elements the government charged and

proved in its case against Corley, the Seventh Circuit held that bank robbery is a crime of violence under the elements clause. 18 U.S.C. § 2113(e).

*Johnson* only considered ACCA's residual clause and does not affect the elements clause. *Stanley*, 827 F.3d at 565. So even if *Johnson* affects § 924(c), it would not change the Seventh Circuit's conclusion in *Jones*, which relied on the elements clause. *See, e.g., Davis v. United States*, 2016 WL 5848703 (N.D. Ind. Oct. 6, 2016) (Miller, J.) (finding § 2113 is categorically a crime of violence based in part on *Jones*).

Moreover, the Seventh Circuit has provided compelling guidance along these lines. Multiple defendants have filed applications with the Seventh Circuit requesting permission to file second or successive § 2255 motions based on their belief that bank robbery is no longer a crime of violence post-*Johnson*. The Seventh Circuit has denied every one of those applications. Though the orders denying these applications are unpublished and therefore nonprecedential, the government argues that these denials reaffirm that *Jones* still controls post-*Johnson*. *See, e.g.*, *Warren v. United States*, 2016 U.S. App. LEXIS 13973 (7th Cir. July 21, 2016) ("Because the elements clause  of § 924(c) encompasses crimes that have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another,' 18 U.S.C. § 924(c)(3)(A), the classification of federal bank robbery as a crime of violence is unaffected by *Johnson*."); *Smith v. United States*, 2016 U.S.

7

App. LEXIS 13971 (7th Cir. July 20, 2016) (same); *Thomas v. United States*, 2016 U.S. App. LEXIS 13976 (7th Cir. July 18, 2016) (same); *Seals v. United States*, 2016 U.S. App. LEXIS 13974 (7th Cir. July 15, 2016) (same).

Likewise, every appellate court to consider the issue post-*Johnson* has reached the same conclusion. *Cf. United States v. Steppes*, 651 Fed. Appx. 697 (9th Cir. June 10, 2016) (unpublished) (finding bank robbery is a crime of violence under Guidelines' elements clause); *In re Hines*, 824 F.3d 1334 (11th Cir. 2016) (denying Application for successive § 2255 because "a conviction for armed robbery clearly meets the requirements for an underlying offense" under the elements clause); *United States v. McNeal*, 818 F.3d 141, 152-153 (4th Cir. 2016) (agreeing that bank robbery remains a crime of violence post-*Johnson*). The government is not aware of any federal court decision that has reached a contrary conclusion.

Above and beyond the holding in *Jones*, here the government charged and proved additional elements which unquestionably make bank robbery as it was charged against Corley a crime of violence. In Count 2, alleging a violation of 18 U.S.C. §2113(d), the government charged and proved that Corley not only committed bank robbery, but in addition "in committing such offense did assault and put in jeopardy the life of another person by the use of one or more dangerous weapons, to wit: a semi-automatic handgun and a revolver." In Count 3, alleging a violation of 18 U.S.C. §2113(e), the

government charged and proved that Corley not only committed bank robbery, but in addition "in committing such offense did assault and put in jeopardy the life of another person by the use of one or more dangerous weapons, to wit: a semi-automatic handgun and a revolver, and further, in committing such offense did kill Kay Peckat." And in Count 5, alleging a violation of 18 U.S.C. §§924(c) and 924(j)(1), the government charged and proved that Corley, "in the course of possessing a firearm during a crime of violence, caused the death of and murdered … a person, Kay Peckat, through the use of a firearm." Counts 9 and 10 charged the same offenses as Counts 3 and 5, but with regard to the victim, Chandler Simpson. These aggravating factors were elements the government had to prove, and are therefore appropriately considered when determining whether Corley's offense is a crime of violence under § 924(c). *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, in addition to the holding in *Jones*, bank robbery as it was charged here incorporating these aggravating factors has as an element the use, attempted use, or threatened use of force, and is therefore unquestionably a crime of violence under the elements clause.

Because the Seventh Circuit has definitively ruled that bank robbery is a crime of violence, and because bank robbery as it was charged here makes violence an element of the offense, and nothing about the Supreme Court's

decision in *Johnson* compels a different result, this Court should deny Corley's 2255 Motion insofar as it raises a *Johnson* claim.  No matter what effect the Supreme Court determines *Johnson* has on § 16(b), and whether or not the Seventh Circuit holds that *Johnson* applies to § 924(c), neither decision will affect Corley's case since bank robbery remains a crime of violence under § 924(c)'s elements clause.

There is no reason to delay Corley's memorandum of law as to his issues one through nine.  Even as to issue ten, the *Johnson* issue, there is no reason to delay for the reasons set forth above.

Corley has already filed written argument, together with citations to authority, in support of the allegations made in his 2255 motion.  It is unclear what more he wishes to file in a memorandum of law, but there is no reason to further delay his filing of a memorandum of law.  The civil FOIA litigation has now been concluded, and Corley's *Johnson* claim is without merit. Corley's memorandum of law is currently due November 7, 2016.  Assuming Corley is not prepared to file his memorandum of law that date, the government asks the Court to hold a telephonic status conference to set a schedule for the 2255 litigation to progress.

WHEREFORE, the government respectfully requests the Court to deny Corley's request to stay the filing of his memorandum of law, and to schedule

a telephonic status conference to determine when Corley will file his

memorandum of law, and to set such further deadlines as are necessary.

Respectfully submitted,

DAVID CAPP,
UNITED STATES ATTORNEY

By:  S/Daniel L. Bella
Daniel L. Bella,
Assistant U.S. Attorney

## *CERTIFICATE OF SERVICE*

I hereby certify that on October 31, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/EFC system which sent notification of such filings to counsel of record.

<u>S/Lorene B. Nelson</u>
Lorene B. Nelson
Legal Assistant