# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

_____  :
                                 :
UNITED STATES OF AMERICA,         :         No. 3:02-CR-116
                                 :
      Respondent          :    **CAPITAL 2255 PROCEEDINGS**
                                 :
    -v-                      :    HON. RUDY LOZANO, USDJ
                                 :
ODELL CORLEY, a/k/a               :
NASIH RA'ID,                      :
      Movant.            :
_____  :

## MOVANT RA'ID'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STAY THE FILING OF HIS MEMORANDUM OF LAW

Movant, Nasih Ra'id, through counsel, respectfully requests this Court stay the filing of his Memorandum of Law in support of his Motion to Vacate Conviction and Sentence under 18 U.S.C. § 2255.  In support of his request, Movant states as follows:

1. Mr. Ra'id's Memorandum of Law is currently due on November 7, 2016.

2. On June 23, 2016, Mr. Ra'id requested that this Court allow an amendment to his pending 2255 motion in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 22551 (2015). (ECF No.

956). On June 29, 2016, this Court granted Mr. Ra'id's request to amend. (ECF No. 957).

3.    The crux of Mr. Ra'id's amended claim is that the language of the federal statute declared unconstitutionally vague in *Johnson* is materially identical to the language of 18 U.S.C. § 924(c). On October 25, 2016, Mr. Ra'id moved to stay the filing of the Memorandum of Law until the Supreme Court decides *Lynch v. Dimaya*, No. 15-1498, because the language argued to be vague under 18 U.S.C. § 16(b) in *Dimaya* is materially identical to the language Mr. Ra'id argues is unconstitutionally vague under 18 U.S.C. § 924(c)(3).  (ECF No. 969).

4.    On October 31, 2016, the Government filed a Response to Defendant's Motion to Stay the Filing of His Memorandum of Law ("*Response*"). (ECF No. 970). In its Response, the Government argues a stay pending the Supreme Court's decision in *Dimaya* would be inappropriate because the Seventh Circuit has held that federal bank robbery is a crime of violence under the elements clause.  *Response* at 6 (citing *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991)).

5.    Although the Government is generally correct that the Seventh Circuit has held that federal bank robbery is a crime of violence, Mr. Ra'id certainly disagrees with the Government regarding the impact of the United States

Supreme Court finding as unconstitutional the language at issue in *Dimaya (*which is materially identical to the language Mr. Ra'id argues is unconstitutionally vague under 18 U.S.C. § 924(c)(3)). To the extent that the residual clause is found to be unconstitutionally vague, the consideration of unconstitutional counts violate Mr. Ra'id's due process rights. For these reasons, the opinion in *Dimaya* may still have precedential effect on how this Court must decide Mr. Ra'id's *Johnson* claim.

6.      Rather than speculate on the effect of a precedential decision that will likely be decided in the Spring of 2017, and briefing a legal question that rests on rapidly shifting grounds, staying the filing of Mr. Ra'id's Memorandum of Law until the United States Supreme Court provides guidance on this issue would be prudent.

7.      This Court previously granted several extension requests during the pendency of Mr. Ra'id's FOIA litigation in the Eastern District of Pennsylvania, which is now complete. If this Court is inclined not to stay the proceedings, Mr. Ra'id respectfully asks this Court allow an additional 40 days, or until December 16, 2016, to file his Memorandum of Law. Counsel has made substantial progress in preparation of the Memorandum of Law but is unable to complete the briefing by the current due date. Counsel does not anticipate the need for any additional requests.

8.      Finally, although undersigned counsel does not oppose a status conference, such a conference is unnecessary given undersigned counsel's commitment to file the Memorandum of Law by December 16, 2016, if this Court denies his request to stay the proceedings until the Supreme Court decides *Dimaya*.

WHEREFORE, Movant respectfully requests an abeyance in filing the Memorandum of Law in support of his § 2255 Motion until sixty days after the United States Supreme Court's decision in *Dimaya*.  In the alternative, Movant respectfully requests a 40-day extension, or until December 16, 2016, to file his Memorandum of Law.

Respectfully submitted,

/s/ LEOR VELEANU
Leor Veleanu
Assistant Federal Defender
Jennifer Chiccarino
Assistant Federal Defender
Federal Community Defender Office
 for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Leor_Veleanu@fd.org

Dated: November 1, 2016

## CERTIFICATE OF SERVICE

I, LEOR VELEANU, hereby certify that on this 1st day of November, 2016,

I electronically filed the instant pleading with the Clerk of Court using the

CM/ECF system.

Respectfully submitted,


/s/ LEOR VELEANU
Leor Veleanu
Jennifer Chiccarino
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
215-928-0520
Leor_Veleanu@fd.org