**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 3:02-CR-116 |
| Respondent, | ) | (3:10-CV-22) |
| | ) | |
| -v- | ) | **CAPITAL 2255 PROCEEDINGS** |
| | ) | |
| ODELL CORLEY, a/k/a | ) | |
| NASIH RA'ID | ) | |
| Petitioner. | ) | |
| | ) | |
| | ) | |

## ORDER

This matter is before the Court on the "Movant Ra'id's Motion to Stay the Filing of His Memorandum of Law in Support of His § 2255 Motion," filed by the movant, Odell Corley, a/k/a Nasih Ra'id ("Corley"), on October 25, 2016.  (DE #969.)  Corley's memorandum of law in support of his section 2255 motion is currently due on November 7, 2016.  He has requested an abeyance in filing that memorandum based on his assertion that the Supreme Court's pending ruling in *Lynch v. Dimaya*, No. 15-1498, cert. granted, Sept. 29, 2016, may have a precedential effect on how the Court must decide Corley's pending *Johnson v. U.S.*, 135 S. Ct. 2551 (2015) claim. The Government has filed a response in opposition to the stay, arguing that bank robbery remains a crime of violence under the elements clause of 18 U.S.C. section 924(c), so *Johnson* has no

effect on Corley's sentence regardless of the Supreme Court's decision in *Dimaya*.

While the Government's position appears to be persuasive, in the interests of justice for this particular capital case, the Court will agree to Corley's requested stay so that he may present his complete range of arguments to the Court in his memorandum. Therefore, the motion to stay (DE #969) is **GRANTED**. Corley shall file his memorandum of law in support of his section 2255 motion within sixty (60) days of the Supreme Court's decision in *Dimaya*. Corley is **CAUTIONED** that further extensions following the requested abeyance are unlikely to be granted.

**Dated: November 4, 2016**          **/s/Rudy Lozano, Judge**
                                     **United States District Court**