UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CAUSE NO. 3:02 CR 116 |
| | ) | |
| ODELL CORLEY a/k/a | ) | |
| NASIH RA'ID | ) | |
| | ) | |

**GOVERNMENT'S REQUEST FOR DISCOVERY AND
CONTINUANCE OF HEARING DATE**

Comes now the United States of America, by Thomas L. Kirsh II, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip C. Benson, and hereby files its request for discovery, and a continuance of the current hearing date. In support of this request states as follows:

## I.    PROCEDURAL BACKGROUND

On January 19, 2010, Corley filed his 2255 motion to vacate his death penalty conviction and sentence. DE 883.[1] Corley was had eight years of to file a memorandum of law in support of his 2255 motion. Corley finally filed that memorandum on June 18, 2018. DE 976. The government filed its response on October 1, 2019.  DE 986.  After reviewing the filings, the Court

---

[1] DE is the docket entry number.

determined that oral arguments were necessary only as to Corley's incompetence of counsel claim. After speaking with the parties and allowing their input, the Court set oral arguments for December 7-9, 2020, only as to Corley's claims that trial counsel did not effectively develop and present mitigating evidence in the death penalty phase. Specifically, Corley asserts that trial counsel failed to conduct an adequate mitigation investigation, ignored obvious red flags that warranted further investigation, and mishandled the mental health investigation and presentation of that evidence. (DE 976 - Def, Rsp. Brief Table of Contents, pg. ii)

The undersigned became involved in this case only shortly before the Court's teleconference that set the hearing date. At the time of the teleconference, the undersigned was unable to fully review the file and the claims made by Corley in his petition. After completing a more detailed review of the file and necessary legal research, it became apparent that to adequately defend this death penalty conviction and address Corley's claim of ineffective assistance of counsel, complete discovery is necessary

## II.    LEGAL ANALYSIS

### A. Discovery

Section 2255 Proceedings Rule 6, governs discovery in this matter. Rule 6 states:

(a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A.

(b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

(c) Deposition Expenses. If the government is granted leave to take a deposition, the judge may require the government to pay the travel expenses, subsistence expenses, and fees of the moving party's attorney to attend the deposition.

Additionally, Section 2255 Proceedings Rule 8(d), addressing issues associated with 2255 evidentiary hearings, requires the application of Federal Rule of Criminal Procedure 26.2(a)-(d) and (f). Rule 8(d) states:

(d) Producing a Statement. Federal Rule of Criminal Procedure 26.2(a)–(d) and (f) applies at a hearing under this rule. If a party does not comply with a Rule 26.2(a) order to produce a witness's statement, the court must not consider that witness's testimony.

Fed Rule of Criminal Procedure Rule 26.2(f) states:

As used in this rule, a witness's "statement" means:

(1) a written statement that the witness makes and signs, or otherwise adopts or approves;

(2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or

(3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

The Government cannot possibly adequately defend this death penalty verdict without full discovery in this matter. Numerous affidavits have been

filed, some of which could lead to disbarment of involved counsel, others so completely incongruent with the expertise normally exercised by retained experts in capital cases, that complete discovery is required to fully investigate these assertions so that the truth can be ascertained. Discovery in this matter would allow the government proper confrontation of any witnesses the defense intends to call and aid in the search by this Court to determine whether Corley did or did not receive proper counsel in the death penalty phase of his trial.  The government requests that given the crucial nature of this inquiry to both Corely and his victims, that full discovery in this matter be ordered. The government further requests the defendant's compliance with Rule 26.2 well in advance of any scheduled hearing in this matter.

### B.  Waiver of Attorney–Client Privilege

Corley may claim that discovery of his attorneys' or experts' notes, emails, mailings, and conversations, are protected by the attorney client or work product privilege. Because Corley himself has placed the competence of his legal representation in issue, he has waived these privileges.

The client in the attorney-client relationship holds the attorney-client privilege, and it is up to that individual to waive such privilege. P*aters v. United States*, 159 F.3d 1043, 1060 n.6 (7th Cir.1998). The privilege can be waived explicitly or implicitly. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095,

1098 (7th Cir.1987). The attorney-client privilege is implicitly waived when an individual asserts claims or defenses that place his attorney's advice at issue. *Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir.1995); *Rhone–Polenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir.1994) (citing as examples of such a waiver when a litigant files a malpractice action or asserts reliance on the advice of counsel as an affirmative defense); *Lorenz*, 815 F.2d at 1098 ("Implicit disclosure can occur when a holder partially discloses a confidential communication or when a holder relies on a legal claim or defense, the truthful resolution of which will require examining confidential communications." (citation omitted)).

Implied waiver can be found when a petitioner asserts ineffective assistance of counsel in a habeas case. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir.2009) (stating that "[w]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim" and noting acceptance of this rule by the Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir.2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *Jenkins v. United States*, No. 09–CV–713, 2010

WL 145850 *1, *2 (E.D.Wis. Jan. 8, 2010). That the habeas petitioner is pro se does not alter the rule. *Jenkins*, 2010 WL 145850 at *2; see *Pinson*, 584 F.3d at 974, 978 (finding implied waiver of privilege even though petitioner represented himself).

When a petitioner expressly denies waiver of the privilege after asserting an ineffective assistance of counsel claim, the claim cannot stand unless the petitioner permits disclosure of communications necessary for the respondent to adequately defend against the ineffective assistance of counsel claim. "The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Bittaker*, 331 F.3d at 720.

The court should recognize a waiver no broader than necessary to ensure the fairness of the proceedings. *Bittaker*, 331 F.3d at 720; see *Pinson*, 584 F.3d at 979; *Jenkins*, 2010 WL 145850 at *2. In other words, an implied waiver of the privilege supports disclosure of only those communications specific to the claim. See *Bittaker*, 331 F.3d at 720. A district court granting an order for disclosure should indicate "precisely what information the attorney [is] required to disclose." *Pinson*, 584 F.3d at 979.

Applying the above analysis, in *Fife v. United States*, No. 13-C-0579, 2015 WL 2189712, at 2 (E.D. Wis. May 11, 2015), the District Court

determined that Fife implicitly waived his attorney-client privilege through the ineffective assistance of counsel claim and also through his failure to object to the disclosure itself as to the matters raised in the claim. However, to properly limit the scope of the waiver, the court limited disclosure to only those issues raised in Fife's petition.

### C. *Waiver of Work-Product Privilege*

Facing similar claims of both attorney-client and also work product privilege, in *Patrick v. City of Chicago*, 154 F.Supp.3d 705 (N.D. Illinois 2015), the district court held that the defendant waived his attorney-client privilege and that waiver also extended to the work-product privilege.

Patrick was convicted in the Circuit Court of Cook County, Illinois, of two counts of murder, two counts of home invasion, and one count of armed robbery. He was sentenced to life imprisonment without parole. Patrick made several unsuccessful attempts to obtain relief from his convictions, beginning with a pro se petition for post–conviction relief, claiming ineffective assistance of his trial counsel. Patrick attached numerous documents and affidavits to his petition regarding his attorney's investigation the case. This state petition was followed by a petition for a writ of habeas corpus filed United States District Court. That petition was denied in 2003.

A decade later, Patrick sought to vacate his convictions, alleging actual innocence and prosecutorial misconduct. The State's Attorney did not object,

and in 2014, Patrick's conviction was vacated and the charges dismissed. Patrick then brought suit alleging civil rights violations under 42 U.S.C. § 1983.

During the discovery process in Patrick's §1983 action, the defendant's attorneys (City of Chicago counsel) deposed Patrick and his original criminal counsel, attorney Theis.  Defense counsel sought to inquire about the conversations (and related topics) that were disclosed in Patrick's petition and the attached letters and affidavits. Attorney Theis and Patrick refused to answer, invoking the attorney/client privilege and work-product protection. The defense moved to compel Patrick and attorney Theis to answer questions and produce documents related to their conversations at the time of the criminal trial in 1995. Patrick did not dispute that the habeas petition resulted in a waiver of the attorney-client privilege for the habeas proceeding in which it was filed, but instead argued that the waiver was limited to only that proceeding.  The district court disagreed.

The Court initially clarified that "The attorney-client privilege, like other rights and privileges (including the work-product doctrine) can be waived."  Id. at 711, citing *United States v. Nobles*, 422 U.S. 225, 239, (1975); *United States v. Brock*, 724 F.3d 817, 821 (7th Cir. 2013). Waiver of the privilege can occur either explicitly or by implication. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir.1987). The implied waiver

doctrine ultimately is based on considerations of fairness: that is, a party may not use privilege as a tool for manipulation of the truth-seeking process. The doctrine of waiver by implication reflects the position that the attorney-client privilege was intended as a shield, not a sword. *Id.*

After determining that Patrick waived his attorney-client privilege, the court likewise found a waiver of the work product privilege. "For the same reasons that the attorney-client privilege has been waived, that waiver extends to those documents that discuss or elaborate on the topics disclosed in the letter and affidavits Mr. Patrick attached to his 1995 Petition." *Patrick* at 716. The court further stated,

"He (Patrick) cannot have both objects of his desire. That the choice between pursuing a claim or preserving the confidentiality of communications with one's lawyer presents difficult and incompatible alternatives does not, as *Bittaker* recognized, make it impermissible to require that the choice be made. The legal system 'is replete with situations requiring the making of difficult judgments as to which course to follow.'" *Patrick* at 718-719, citing *McGautha v. California*, 402 U.S. 183, 213, (1971).

"The fact that Mr. Patrick had to make such an election does not entitle him to judicial shelter from the consequences of his choice." *Patrick* at 719, *Cf.*, United States v. Martinez–Salazar, 528 U.S. 304, 307,(2000).

Unless Corley wishes to withdraw his incompetence of counsel claim, there can be no dispute that he has waived any attorney-client and work-product privilege related to the decision to present limited mitigation evidence in the death penalty phase.

## D. *Federal Rule of Evidence 502*

Additionally, Fed.R.Evid. 502 weighs in favor of waiver.  Rule 502, addressing possible waivers of attorney-client and work privilege, in relevant parts states:

> The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.
>
> **(a) Disclosure Made in a Federal Proceeding or to a Federal Office or Agency; Scope of a Waiver.** When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
> (1) the waiver is intentional;
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
> (3) they ought in fairness to be considered together…
>
> **(g) Definitions.** In this rule:
> (1) "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and
> (2) "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

Again, Rule 502 supports waiver.

## III.   Conclusion

Based upon the above, the government respectfully requests that the court allow the government to engage in all aspects of discovery allowed under the civil discovery rules, including but not limited to the production of all documents related to Corley's incompetency of counsel, interrogatories, requests for admissions, and to further allow the Government to depose any or all of the following individuals identified in Corley's petition; Jeffrey

Slessinger, Dr. Mark Cunningham, Dr. Bryan Hudson, Dr. Jethro Toomer, Dr. Richard Dudley, and Dr. Jonathan Mack, Cheri Hodson, John Theis, and defendant Corley, as well as any and all co-counsel and investigators involved in the preparation and trial of Corley.  This discovery, and the requested depositions, are fully necessary to properly investigate and defend the incompetency of counsel allegations alleged by Corley and the validity of the specific affidavits prepared in this case.

Since this discovery process cannot be fully developed and completed by the pending hearing date of December 7, 2020, the government respectfully requests that the hearing date be continued, or that date be used to hear the any discovery issues that may arise prior to that time.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By:    *S/ Philip C. Benson*

Philip C. Benson
Assistant United States Attorney

## *Certificate of Service*

I hereby certify that November 9, 2020. I filed the GOVERNMENT'S REQUEST FOR DISCOVERY AND CONTINUANCE OF HEARING DATE with the Clerk of the Court; such filing made through the CM/ECF filing system to all parties of record.

*S/ Philip C. Benson*

Philip C. Benson
Assistant United States Attorney