UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.

Case No. 3:02-CR-116 JD

ODELL CORLEY a/k/a
NSAIH RA'ID

## OPINION AND ORDER

Pending before the Court is Odell Corley's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court had scheduled an evidentiary hearing on Claim 7 of the petition (ineffective assistance of counsel at sentencing) but, shortly before the hearing was to take place, the government moved for continuance so that it could conduct discovery in preparation for the hearing. At a status conference, Mr. Corley's counsel agreed to the continuance. Since then, the attorneys have conferred and agreed about some areas of discovery, while disagreeing on others. The government followed up with a motion requesting discovery. Mr. Corley objects to that motion.

\* \* \* \* \*

A trial jury found Mr. Corley guilty of four counts of capital murder and sentenced him to death. In Claim 7 of his motion under § 2255, Mr. Corley argues that, at the sentencing phase of the trial, his counsel failed to adequately investigate his life history and thus failed to develop and present readily available facts in mitigation. In particular, he submits that his childhood and adolescence were plagued by instability, trauma, abuse, abandonment, and neglect, and if the jury had been presented this information, at least one of the jurors would have chosen against the death penalty.

Rule 6(a) of the Rules Governing § 2255 proceedings allows discovery with leave of court "for good cause." "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).

\* \* \* \* \*

The government starts its discovery requests with a broad sweep. In addition to the agreed depositions of trial counsel and the production of all documents related to the mitigation presentation at trial, it wants "their complete files and records concerning their representation of [Mr.] Corley from both the guilt and penalty phases as the information contained within these documents is necessary for a full and fair adjudication of counsel's performance." (DE 1010 at 3.) The government justifies its request for information from the guilt phase of the trial arguing that, "[a]lthough [Mr.] Corley agreed to release only files from his attorney's mitigation presentation, his petition also contains allegations of ineffective assistance of counsel during the guilt phase." (*Id.* at 5.) Yet, the government's motion does not explain—beyond a vague and bare assertion that all of Mr. Corley's claims are interrelated—how the collateral evidence from the guilt phase will help the Court with Claim 7 on which the evidentiary hearing will be held. As noted above, the government, as the movant, bears the burden of showing good cause why it needs trial counsel's files and records concerning their representation of Mr. Corley during the guilt phase. It has failed to meet its burden here; therefore, the Court will deny this request.

Next, the government asks that Mr. Corley's expert witnesses—Dr. Mark Cunningham, Dr. Richard Dudley Jr., and Dr. Jethro Toomer—submit their written reports outlining the opinions they will offer, the data they considered in forming their opinions, their qualifications, the cases in which they recently testified, and the compensation they will be receiving as experts

2

for Mr. Corley. Mr. Corley is not objecting to this request, and it is consistent with Federal Rule of Civil Procedure 26. Therefore, the Court will grant this request.

The government also wants to depose Federal Public Defender Investigator Cheryl Hodson who, in preparation for trial, interviewed Mr. Corley's family members and gathered information regarding his family life. According to Mr. Corley, Ms. Hodson communicated frequently with his counsel, but received little direction from them as to what kind of investigation she should be conducting. Mr. Corley objects to the government's request to depose her, claiming that the government is out on a "fishing expedition" but presenting no other argument for why Ms. Hodson's deposition is unnecessary to test the veracity of Claim 7. The Court will overrule Mr. Corley objection. Given Ms. Hodson's proximity to Mr. Corley's counsel when the mitigation theory was being formed, the Court finds there is good cause to allow the government to depose her. In addition, the Court will order Ms. Hodson to provide the government the documents she obtained as part of her investigation.

In addition to Ms. Hodson, the government wants to depose the lay witnesses who testified on Mr. Corley's behalf at the sentencing phase of the trial. The government claims that good cause exists to depose them so as to test their reliability:

> [the lay witnesses] will permit the government to fully and fairly prepare for the hearing and to seek summary judgment as to claims amenable to decision without evidentiary development. . . . Given the importance of those witnesses to the claims of ineffectiveness, the government seeks to depose them . . . and thereby determine the scope, bases, and reliability of their opinions, observations, and recollections.

(*Id*. at 9.)

The Court finds no good cause to depose these witnesses. First, they have already testified under oath and were subject to cross-examination. And, second, given that the scope of the upcoming hearing is already limited to the claim of ineffective assistance of counsel at the

3

penalty phase, it's not clear how their depositions would allow the government to further narrow down this claim.

The government also wants to depose Mr. Corley himself, but it has failed to show good cause why such deposition is necessary. The government states that "[Mr.] Corley's own conduct and statements will necessarily shed light on the actions of the defense's experts and the trial attorneys." (DE 1010 at 9.) But that is the entirety of the government's argument on this subject, and, without more, the argument is only a speculation. The government hasn't shown that Mr. Corley's attorneys based their mitigation strategy on his pretrial or trial conduct or the information he provided, or that they consulted with Mr. Corley about their strategy, or anything else that would tie Mr. Corley into the decision making and which would justify his deposition. In any case, the hearing will allow the government the opportunity to ask his trial attorneys whether Mr. Corley himself influenced their mitigation strategy in any way. Moreover, the possibility for Mr. Corley to incriminate himself further cautions against his deposition. After all, Mr. Corley is hoping to reverse not just his sentence but also his conviction and, if he were tried again, there's a potential for the government to use information it obtained during his deposition against him. *Cf. Hoffman v. United States*, 341 U.S. 479, 486 (1951) ("The [fifth amendment] privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime."). Accordingly, the Court will deny the government request to depose Mr. Corley.

Next, the government wants its mental health professionals to examine Mr. Corley. Mr. Corley claims that his trial counsel inadequately investigated, and failed to accurately present to the jury, evidence of his mental problems. According to him, his current mental health confirms

4

his prior mental condition and establishes that his mental problems should have been brought to light at sentencing. Given that Mr. Corley's counsel retained a professional mental health examiner to evaluate him in addition to the government's examination, the relevance of Mr. Corley's current mental health is not obvious to the Court and thus may not become part of the evidence presented at the hearing. However, if Mr. Corley can show that his current mental health is indeed relevant, then the government must also have the opportunity for its examiners to evaluate Mr. Corley. Accordingly, the Court will deny the government's request as moot, but if Mr. Corley believes that his current mental health is relevant to Claim 7, he should file within fourteen days of the issuance of this order a separate brief explaining such relevance and submit a summary of what he intends to introduce into evidence at the hearing. If such brief is filed, the government will have fourteen days to respond. If the Court agrees with Mr. Corley, the government will then be given the opportunity to have its professionals examine Mr. Corley.

The government next seeks to subpoena documents relating to Mr. Corley's life history, such as school records, medical files, criminal history records, and the like. It appears that the government is requesting documents that it already has in its possession and which it obtained before trial. As Mr. Corley points out, he has been detained or incarcerated since his arrest, and no new life history documents that the government is seeking exist. Therefore, the government's request appears to be moot. On the other hand, if the government believes that it needs additional documents not in its possession, it should specifically name them in another motion.

Finally, the government wants to issue interrogatories in aid of its investigation of Mr. Corley's personal history. However, the government's request is too vague to comply with Rule 6(b), which requires that "[t]he request must also include any proposed interrogatories and

requests for admission, and must specify any requested documents." Therefore, the Court will deny this request but will give leave to the government to refile it if it so wishes.

For these reasons, the Court GRANTS IN PART and DENIES IN PART the government's motion for discovery (DE 1010). In particular, the Court—

1. DENIES the government's request to obtain Mr. Corley's trial counsel's files and records concerning their representation during the guilt phase of the trial because it hasn't shown good cause why it needs these materials to prepare for the evidentiary hearing that is limited to facts concerning Claim 7 only;

2. GRANTS the government's request that Dr. Mark Cunningham, Dr. Richard Dudley Jr., and Dr. Jethro Toomer submit their written reports outlining the opinions they will offer, the data they considered in forming their opinions, their qualifications, the cases in which they recently testified, and the compensation they will be receiving as experts for Mr. Corley;

3. GRANTS the government's request to depose Cheryl Hodson;

4. ORDERS Ms. Hodson to provide the government the documents she obtained as part of her investigation;

5. DENIES the government's request to depose the lay witnesses who testified on Mr. Corley's behalf at the sentencing phase of the trial;

6. DENIES the government's request to depose Mr. Corley;

7. DENIES AS MOOT the government's request for its mental health professionals to examine Mr. Corley;

8. DENIES the government's request to subpoena documents relating to Mr. Corley's life history;

9.  DENIES WITHOUT PREJUDICE the government's request to issue interrogatories in

   aid of its investigation of Mr. Corley's personal history.

   SO ORDERED.

   ENTERED: February 9, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court
